UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| ESTATE OF STEPHEN C. POPOVICH, | ) | CASE NO. 1:11 CV 2052 |
| | ) | |
| Plaintiff, | ) | JUDGE DONALD C. NUGENT |
| | ) | |
| v. | ) | MEMORANDUM OPINION |
| | ) | AND ORDER |
| SONY MUSIC ENTERTAINMENT, | ) | |
| | ) | |
| Defendant. | ) | |

This matter comes before the Court on Defendant Sony Music Entertainment's Motion to Dismiss the Complaint or, in the Alternative, to Transfer Venue. (ECF #9). For the reasons stated below, Defendant's Motion to Dismiss or Transfer Venue, is DENIED.

**Factual and Procedural History[1]**

Plaintiff, the Estate of Stephen C. Popovich ("The Estate of Mr. Popovich"), filed this civil action on its own behalf and as successor-in-interest to the Cleveland Entertainment Company, Inc. ("Cleveland Entertainment"). The Complaint alleges that Defendant, Sony Music Entertainment ("SME"), has breached its fiduciary duties and contractual obligations to Plaintiff. (ECF #1, #9-1). Mr. Popovich formed Cleveland Entertainment, which, during its period of active operation, had its principal place of business in Cleveland, Ohio. (ECF #1). Through Cleveland Entertainment, Mr. Popovich promoted and established the recording label Cleveland International Records ("Cleveland International"). (ECF #1). Defendant SME is an international

---

[1] Except as otherwise noted, the factual summary is based solely upon the undisputed facts set forth in the parties' statements of facts, and the Plaintiff's Complaint. For purposes of this opinion, any disputed facts are resolved in favor of the non-moving party in accordance with the standard of review on a motion to dismiss.

corporation, incorporated in the State of Delaware, and headquartered in New York, New York. (ECF #3). SME is the second largest global recording music company in the world with operations in 44 countries and territories. SME is a wholly-owned subsidiary of Sony; is responsible for Sony's global music sales; and, is registered to do business in the State of Ohio. (ECF #1).

In 1977, Cleveland Entertainment entered into agreement with CBS. (ECF #1). The agreement was modified in 1982 ("1982 Contract"). (ECF #1). Soon after, in 1987, Sony acquired CBS and renamed the company Sony Music Entertainment ("SME"). (ECF #1). Under the 1982 contract, Mr. Popovich would deliver to CBS "master recordings" featuring artists under contract to Cleveland Entertainment, and in return CBS would manufacture, distribute, and sell their records into the global marketplace. (ECF #1). Three separate matters were litigated based on the 1982 contract, including a suit brought in 1995,[2] a jury trial in 2002,[3] and a lawsuit brought in 2007.[4] (ECF #16). All three cases were litigated in the Northern District of Ohio. Plaintiff now asserts that Defendant has knowingly continued to refuse to pay royalties owed on Plaintiff's master recordings arising from the 1982 contract. (ECF #1). In addition, Plaintiff asserts that Defendant has failed to adhere to certain "Labeling Requirements" from a 1998

---

[2] *Cleveland Entertainment Co. v. Sony Music Entertainment, et al.*, No. CV-95- 295530 (Cuyahoga C.P.) (dismissing the case after the parties entered into a settlement agreement).

[3] Mr. Popovich filed the lawsuit in the Northern District of Ohio and the jury returned a verdict for Mr. Popovich in the amount of $5,057, 916.00. The jury found that the 1998 settlement agreement required Sony and its licensees to give proper label credits to Mr. Popovich's recordings. *Popovich et al., v. Sony Music Entertainment, Inc., et al.*, 1:02-cv-359.

[4] *Lederman v. Popovich,* No. 1:07-CV-845 (N.D. Ohio Nugent, J.). Settled following jury trial.

settlement agreement which was also based on the 1982 contract. (ECF #12).

On December 15, 2011, Defendant moved to dismiss or transfer this action. (ECF #9). Defendant has filed a Brief in Support of its Motion to Dismiss or Transfer. (ECF #9). On January 16, 2012, Plaintiff filed an Opposition to Defendant's Motion to Dismiss or Transfer. (ECF #12). On February 2, 2012, Defendant filed a Reply to Plaintiff's Opposition to Defendant's Motion to Dismiss or Transfer. (ECF #15). Defendant argues that based on the parties' agreements and the forum selection clauses contained therein, all of Plaintiff's claims should be dismissed pursuant to Rule 12 (b)(6). (ECF #9-1). In the alternative, Defendant asks this Court to transfer the case to the Southern District of New York pursuant to 28 U.S.C. § 1404 (ECF #9-1). The Motions are now ready for decision.

## LAW AND ANALYSIS

### A. Forum Selection Clause

The contract at issue includes a forum selection clause which provides that:

> The New York courts (state and federal), only, will have jurisdiction of any controversies regarding this agreement; any action or other proceeding which involves such a controversy will be brought in those courts, in New York County, and not elsewhere. (ECF #9-5, ¶ 20.07)

Because it specifically provides for jurisdiction in New York and excludes any other court, the clause is mandatory and shall be enforceable unless Plaintiff can make a strong showing that it is unreasonable or waived. *Ferraro Foods, Inc. v. M/V Izzet Incekara,* 2001 U.S. Dist. LEXIS 12338, *6-7 (S.D.N.Y. 2001).[5] "A forum selection clause will be deemed waived if the party

---

[5] In resolving the merits of Defendant's motion to dismiss pursuant to Rule 12 (b)(6), the Court will apply New York law. The claims in this litigation stem from the 1982 contract. The 1982 contract provides that:

-3-

invoking it has taken actions inconsitent with it, or delayed its enforcement, and other parties would be prejudiced." *In re Rationis Enterprises, Inc. of Panama,* 1999 U.S. Dist. LEXIS 34, (S.D.N.Y. Jan. 7, 1999). "Where forum selection clauses may result in a waiver of substantive and procedural rights, it would be unfair to infer such a significant waiver absent a clear indication of intent through a party's actions, . . . or actively pursued substantive motions in that venue." *Ferraro Foods, Inc. v. M/V Izzet Incekara,* U.S. Dist. Lexis 12338, at *4 (S.D.N.Y. 2001).

Generally, "when a party disregards a forum selection clause . . . it waives the forum selection clause only for the specific claim it pursues." *Pirolo Bros. Inc. V. Angelo Maffei & Figli,* at *2 (S.D.N.Y. Mar. 2, 1989). There is, however, no bright-line test for determining whether a party has waived his right to challenge venue. *Wachovia Bank Nat'l Ass'n v. Encap Golf Holdings, LLC,* 690 F. Supp. 2d 311 (S.D.N.Y. 2010). The Court will therefore examine the factual issues in light of the totality of circumstances.

The Estate of Mr. Popovich argues that SME has waived its right to enforce the forum selection clause by consenting without raising objection to litigation based on the same contract in the Northern District of Ohio in 2002. (ECF #12). Litigation remained in the Northern District of Ohio through a jury trial verdict. (ECF #12).[6] SME argues that they did originally seek to

---

> This agreement has been entered into in the State of New York, and the validity, interpretation and legal effect of this agreement *shall be governed by the law of the State of New York applicable to contracts* entered into and performed entirely within the State of New York. (ECF #9-5, ¶ 20.07).

The parties do not dispute that this choice of law provision applies and is enforceable.

[6] *Popovich et al., v. Sony Music Entertainment, Inc., et al.,* 1:02-cv-359.

enforce the forum selection clause, but later entered into a limited agreement with Mr. Popovich's predecessor-in-interest not to assert the forum selection. (ECF #15). SME, however, provides no evidence to support this claim. (ECF #15). SME also contends that nine of the ten breaches that the Estate of Mr. Popovich now alleges were not raised in the 2002 lawsuit. (ECF #15). SME argues that the 2002 lawsuit centered solely on its alleged failure to include the Cleveland International Records logo on the certain recordings. (ECF #15). The Estate of Mr. Popovich contends that the same factual issues and agreements litigated in the 2002 lawsuit are present here in this action. (ECF #12). The Estate of Mr. Popovich further argues that the 2002 lawsuit pertained to SME's violation of the 1982 contract and the 1998 settlement agreement with Cleveland Entertainment (which also arose from violations of the 1982 contract). (ECF #12).

      The Court finds implied waiver based on SME's repeated consent to the jurisdiction of this Court. SME has repeatedly consented to litigation in the Northern District of Ohio under the 1982 contract containing the New York forum selection clause. Most importantly, the 2002 litigation stemmed from the 1982 contract, also at issue in this case and involved the same parties and many of the same factual issues that are the subject matter of this action. The Complaint in this case alleges the same breach of contract claim as was alleged in the 2002 litigation. Further, Count 2, seeking the enforcement of a judgment in a previous litigation is completely dependent on the claims raised in the 2002 litigation which was tried here in the Northern District of Ohio. Under the totality of the circumstances this Court finds that Defendant SME has waived the forum selection clause and has impliedly consented to the forum of the Northern District of Ohio. Defendant's motion to dismiss based on the forum selection clause is denied.

**B. Venue**

As an alternative to dismissal, SME moved to transfer venue pursuant to 28 U.S.C. § 1404(a). The decision of whether a motion to transfer venue pursuant to § 1404(a) should be granted is within the sound discretion of the trial court. *Stewart Org. v. Ricoh Corp.*, 487 U.S. 22, 29 (1988) (quoting *Van Dusen v. Barrack*, 376 U.S. 612, 616 (1964)); *Tyler v. Sento Corp.*, 2008 WL 4999985 at *8 (N.D.Ohio, Nov. 25, 2008) (unreported).

Section 1404(a) provides:

> For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought.

In making a decision on a motion to transfer, courts examine the following factors: convenience of the parties, convenience of the witnesses and the interests of justice. *Central States Southeast & Southwest Areas Health and Welfare Fund v. Guarantee Trust Life Ins. Co.* 8 F.Supp.2d 1008, 1011 (N.D.Ohio 1998). These private and public interests of justice include the Plaintiff's choice of forum, location of documents, and the practical problems associated with trying the case expeditiously and inexpensively. *Moses v. Bus. Card Express, Inc.*, 929 F.2d 1131, 1137 (6th Cir.1991) (quoting *Stewart Organization, Inc. v. Ricoh Corp.*,487 U.S. 22, 30, 108 S.Ct. 2239, 101 L.Ed.2d 22 (1988) ); *see also Fryda v. Takeda Pharmaceuticals North America, Inc.* 2011 WL 1434997 at * 2 (N.D. Ohio April 14, 2011). A Plaintiff's choice of forum is generally given substantial weight. *Roberts Metals, Inc. v. Florida Properties Marketing Group, Inc.* 138 F.R.D. 89, 91-92 (N.D. Ohio 1991).

As the Court has found that the Estate of Mr. Popovich was within its rights to bring this suit in the Northern District of Ohio, and that SME impliedly waived the forum selection clause

in the contract at issue, The Estate of Mr. Popovich's choice of venue is given substantial weight. SME however argues that the claims made by the Estate of Mr. Popovich do not arise from conduct which occurred in this District and that witnesses would be inconvenienced. (ECF #15). The Estate of Mr. Popovich contends that Cleveland is equally convenient for the parties, and that the only potential third party witness of SME that would be affected by keeping the venue in the Northern District of Ohio is the New York based Estate's auditor who traveled to the Northern District of Ohio for litigation in 2002 and should have no issue being present for this litigation. (ECF #12).

The Court finds that the Plaintiff's choice of forum and that practicalities of trying the case expeditiously and inexpensively weigh in favor of maintaining venue in the Northern District of Ohio. The repeated litigation in this District, and this Courts' familiarity with the Agreements at issue demonstrate that this case can be expeditiously tried in this venue. Due to the repeated litigation in this District and the location and venue choice of the Plaintiff, the Court finds that venue should remain in the Northern District of Ohio.

## Conclusion

For the foregoing reasons, Defendant Sony Music Entertainment's Motion to Dismiss or Transfer (ECF #9) is DENIED in its entirety.

IT IS SO ORDERED.

_____
DONALD C. NUGENT
United States District Judge

DATED: March 14, 2012